**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COMPREHENSIVE HEALTH SERVICES, INC.,**

      Counter Defendant,

-vs-                                              Case No. 6:05-cv-258-Orl-31JGG

**BARFIELD & ASSOCIATES, INC.,**

      Counter Claimant.

_____

# ORDER

This matter is before the Court on Barfield & Associates Inc.'s ("B&A") Motion to Join Parties, to Dismiss Federal Counterclaim, and to Remand (Doc. 13) and Comprehensive Health Services Inc.'s ("Comp Health") Opposition (Doc. 18) thereto.

**I.    Background**

With the filing of an original complaint, Comp Health commenced a civil action in state court on or about July 8, 2004 ("the state-court action"). Later, Comp Health filed an amended complaint in the state-court action on or about December 27, 2004, and B&A filed counterclaims against Comp Health on January 24, 2005.

Apparently dissatisfied with its initial choice to litigate in state court, Comp Health thereafter (somewhat fitfully) set upon a different course. In this Court, Comp Health filed a Complaint on February 16, 2005 ("the federal-court complaint"). *See* 6:05-cv-241-Orl-31KRS at Doc. 1. In it were the same claims Comp Health alleged in its amended complaint in the state-court action. *Id.* On February 18, 2005, Comp Health had its amended complaint voluntarily

dismissed from the state-court action, but also filed in that action an answer and affirmative defenses to B&A's counterclaims. Then, on February 22, 2005, Comp Health filed a Notice of Removal (Doc. 1) as to B&A's counterclaims. At present, B&A's counterclaims and Comp Health's federal-court complaint are pending before this Court under separate case numbers.

Against this backdrop, B&A seeks remand principally on ground that Comp Health was not a "defendant" in the state-court action and, accordingly, could not remove B&A's counterclaims to this Court under the general removal statute, 28 U.S.C. § 1441(a). In opposition, Comp Health argues that when it voluntarily dismissed its amended complaint in the state-court action, Comp Health essentially assumed the position of a defendant in that action.

## II.   Standard of Review

Although the Constitution sets the outer boundaries of federal jurisdiction, U.S. CONST. Art. III § 2, within those boundaries, Congress may give, withhold, or restrict such jurisdiction. *University of So. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Federal courts, therefore, should be cautious in finding jurisdiction. *Id*. Federal courts are directed to construe statutes governing removal narrowly because of the significant federalism concerns that arise when the power of the United States is invoked to wrest jurisdiction from a sovereign state. *Id.* at 410-11. On a motion to remand, the removing party bears the burden of showing that the federal court has jurisdiction to decide the matter. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

## III.   Legal Analysis

At issue in this matter is the jurisdictional effect of Comp Health's (1) original commencement of the state-court action, (2) reassertion in federal court of claims from the state-

court action, (3) later voluntary dismissal of the same claims from the state-court action, and (4) removal of B&A's counterclaims in the state-court action to federal court.  The Court finds that this issue hinges on the commencement of a civil action – the state-court action.

Judicial resolution of civil suits is available through one form of action known as a "civil action."  FED. R. CIV. P. 2; FLA. R. CIV. P. 1.040.  "A civil action is commenced by filing a complaint with the court."  FED. R. CIV. P. 3; *see* FLA. R. CIV. P. 1.050.  One peculiarity of this nation's federal system is that a civil action brought in state court may (subject to procedural limits) be removed to federal court, if the civil action is one over which the federal court would otherwise have original jurisdiction.  *See* 28 U.S.C. § 1441.  In that regard, a removed action may be adjudicated as if it has been commenced in federal court, but the basic fact remains that a civil action originally commenced in state court is later being put before a federal court.  *See, e.g.*, *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232 (10th Cir. 2005).  Regardless of whether a civil action is brought in state court, removed to federal court, or originally brought in federal court, a plaintiff has in a single stroke voluntarily submitted a claim to a court, commenced a civil action, and (at least purportedly) invoked a court's original jurisdiction.

Once a civil action is commenced, any number of events may follow.  If, as previously mentioned, a removable civil action is filed in state court, a defendant – and only a defendant – may timely remove the civil action to federal court.  *See* 28 U.S.C. § 1441; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941).  Apart from removal, however, subsequent pleadings are usually filed.  The pleadings may include but are not limited to an answer, a counterclaim, a reply to a counterclaim, a third-party complaint, and a third-party answer.  FED. R. CIV. P. 7(a), 13; FLA. R. CIV. P. 1.100(a), 1.170.  All matter of claims may be involuntarily dismissed, if

appropriate. *See* FED. R. CIV. P. 12(b), 41(b); FLA. R. CIV. P. 1.140(b), 1.420(b). Parties may concede or settle any one or more claims. The civil action may proceed to judgment on the pleadings, on summary consideration, or through trial. In addition, an action may otherwise be voluntarily dismissed, subject to certain conditions. *See* FED. R. CIV. P. 41(a); FLA. R. CIV. P. 1.420(a). Nevertheless, the civil action, however the events unfold, remains commenced and pending until it is dismissed in its entirety.

A compelling policy borne in the resolution of civil suits is that, to the extent practicable, all claims and liabilities arising from the same transaction or occurrence should be finally resolved in a single civil action. As a civil action unfolds, established rules of civil procedure require, for instance, that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, [if] it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." FED. R. CIV. P. 13(a); FLA. R. CIV. P. 1.170(a). Failure to raise such a "compulsory counterclaim" generally precludes a defendant from raising the claim in a subsequent civil action. *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991). Furthermore and more generally, under the doctrine of *res judicata*, a party is barred from filing claims which were raised or could have been raised in an earlier proceeding. *Citibank, N.A. v. Data Leasing Financial Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). In essence, it is generally incumbent on parties to an <u>original</u> civil action to raise therein or otherwise waive any related claims.

Rather than pursue the route it originally chose in the state-court action, Comp Health has attempted to reassert its claims in this Court and erase the state-court jurisdiction it originally invoked. In this regard, Comp Health assumes that (1) its voluntary decision to dismiss its claims

from the state-court action would retroactively purge any effect of its original commencement of that civil action; and (2) its claims cannot, in any way, be prejudiced by the state-court action. Neither assumption is valid.

The only provisions upon which Comp Health apparently relies for support are the state and federal rules of civil procedure entitled "Dismissal of Actions." The dismissal rules provide, in part, for the voluntary dismissal of actions without prejudice, unless voluntarily dismissed once before or the court otherwise orders the dismissal with prejudice. *See* FED. R. CIV. P. 41(a); FLA. R. CIV. P. 1.420(a). Both also provide: "If a counterclaim has been [served] by a defendant prior to the service upon the defendant of the plaintiff's [notice of dismissal], the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."[1] *Id.* Comp Health apparently relies on these provisions for the proposition that a voluntary dismissal without prejudice operates to alter reality – to make it as if the original civil action was never commenced. To read the dismissal rules in this way ignores basic principles.

The standard for assessing whether federal courts have removal jurisdiction is strict; this is so because federal courts are courts of limited jurisdiction and should avoid overstepping their power, especially when the exercise of that power undermines state-court jurisdiction. *University of So. Ala.*, 168 F.3d at 409-11. Under this standard, it would be inappropriate for the Court to read the dismissal rules liberally or to draw unnecessary inferences in favor of Comp Health under

---

[1] This language, except the brackets, is from Florida Civil Rule of Procedure 1.420(a)(2), which differs from similar language in Federal Rule of Civil Procedure 41(a)(2) only in that the federal rule uses the terms "pleaded" and "motion to dismiss," respectively, in place of the bracketed language.

the circumstances.  Comp Health preemptively filed the federal-court complaint before its complaint was dismissed from the state-court action.  It is obvious that Comp Health intended the near-contemporaneous voluntary dismissal as an end run around the law that a plaintiff cannot remove a civil action to federal court.  *See* 28 U.S.C. § 1441; *Shamrock Oil*, 313 U.S. at 107.  Federal courts need not and should not enable such subversion.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Haydu*, 675 F.2d 1169, 1173-74 (11th Cir. 1982) (discussing *inter alia* the federalism concerns in removal and the long-held disfavor of attempted end runs around the federal removal statute).

The dismissal rules do not plainly provide that a voluntary dismissal without prejudice operates to extinguish an original civil action in which a counterclaim has been filed.  Dismissal, under that circumstance, is conditioned either on the defendant's voluntary dismissal of the counterclaim or on the counterclaim continuing to "remain pending for independent adjudication before the court."  *See* FED. R. CIV. P. 41(a); FLA. R. CIV. P. 1.420(a).  To accept Comp Health's theory under the facts in this matter, the Court would have to infer, without need, that a voluntary dismissal of a complaint retroactively causes a counterclaim to mark the commencement of a new civil action.  In light of the "civil action" generally contemplated under rules of civil procedure and judicial doctrine, the most reasonable inference is that a plaintiff, faced with counterclaims, may voluntarily dismiss its own claims, but the civil action the plaintiff originally commenced remains pending in regard to the defendant's counterclaim.

Comp Health's theory upends the nature of a civil action.  When B&A asserted its compulsory counterclaims in the state-court action, it did so because of the civil action Comp Health commenced and because the counterclaims would otherwise be foreclosed.  *Montgomery*

*Ward Dev. Corp.*, 932 F.2d at 1381. The only voluntary decision B&A made was to prevent waiving its counterclaims. Comp Health is the one who invoked state-court jurisdiction. In no real sense did B&A in a single stroke voluntarily submit its claims to a court, invoke a court's original jurisdiction, and commence a civil action. That die had already been cast.

Midstream in a civil action, Comp Health is merely attempting, through voluntary dismissal procedures, to recharacterize itself as a defendant. But the fact that Comp Health wants to litigate the same claims in federal court, and to that end has filed the federal-court complaint, forecloses any notion that Comp Health assumed the role of a defendant. Rather, in its attempt to change course, Comp Health has obtained voluntarily dismissal of claims that are subject to waiver in an extant civil action. At the time Comp Health sought voluntary dismissal of its claims from the state-court action, Comp Health's claims, just as B&A's counterclaims, were compulsory. In the stream of a civil action, it is (as discussed above) generally incumbent on all parties to raise therein or otherwise waive any related claims. Comp Health's initial assertion of claims provoked B&A's counterclaims, and the civil action at that point no longer depended for its continued existence on Comp Health's claims alone. So long as B&A's counterclaims remain pending in state court, Comp Health is obliged to litigate its claims in that court or otherwise waive them.[2]

In the broader context of the dispute, B&A's counterclaims and Comp Health's federal-court complaint are currently pending before this Court under separate case numbers, but neither

---

[2]To be sure, the dismissal rules generally provide that a first voluntary dismissal is without prejudice. Indeed, that is true when the dismissal takes place. Such general provisions, however, do not interfere with the subsequent operation of preclusive statutes and doctrines. Whereas a statue of limitation may preclude a claim previously dismissed without prejudice, so too would the doctrine of *res judicata* bar claims which were raised or could have been raised in an earlier proceeding.

can be adjudicated in federal court.  Comp Health, as previously indicated, was in no position to remove the state-court action to federal court because Comp Health was not a defendant in that civil action.  Rather, Comp Health commenced that civil action; voluntarily submitted itself to state-court jurisdiction; the civil action remains pending; and if Comp Health wishes to adjudicated its claims, it must do so as a plaintiff in the state-court action.  Respect for state-court jurisdiction requires this Court not only to remand the instant matter, but also to dismiss the federal-court complaint Comp Health has filed under case number 6:05-cv-241-Orl-31KRS.  Principles of comity come into play when separate courts are presented with the same civil action. *See Merrill Lynch*, 675 F.2d at 1173.  When a state-court proceeding is already underway, federalism concerns call for a federal court to yield jurisdiction so that the state court, without interference, can decide all claims that can and should be litigated in the civil action before it.  *Id*. at 1173-74.

**IV.   Conclusion**

For the foregoing reasons, it is

**ORDERED** that B&A's Motion to Remand (Doc. 13) is **GRANTED**.  This case is **REMANDED** to state court, any other pending motions are dismissed as moot, and the Clerk is directed to close the file after completing any remand procedures.  An Order of dismissal without prejudice will be entered in  6:05-cv-241-Orl-31KRS for the reasons stated in this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 12, 2005.

Copies furnished to:

Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE